

**SIGNED this 21 day of July, 2023.**

_John T. Laney, III_
**United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **HOYT KELLEY,** | ) | **CHAPTER 13 BANKRUPTCY** |
| | ) | |
| Debtor. | ) | **CASE NO. 21-70345-JTL** |
| | ) | |
| | ) | |
| **RODNEY TYSON AND** | ) | |
| **GREDA TYSON** | ) | |
| | ) | |
| Movants. | ) | **CONTESTED MATTER** |
| **v.** | ) | |
| | ) | |
| **HOYT KELLEY,** | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION ON MOVANTS'**
**MOTION TO REOPEN AND TO ANNUL THE STAY**

The above-styled contested matter came before the Court on a motion to reopen the
bankruptcy case of the Debtor, Hoyt Kelley, and retroactively annul the automatic stay filed by
the Movants, Greda Tyson and Rodney Tyson. The Movants request that the Court annul the
automatic stay as to the Movants' personal injury case against the Debtor. For the reasons stated
below, the Court grants the Movants' motion.

## I.      FACTUAL FINDINGS AND PROCEDURAL POSTURE

The facts of this case are undisputed. On September 12, 2020, a motor vehicle accident
occurred between the Debtor and Mr. Tyson, the husband-Movant, which resulted in alleged
damages to the Movants. Mot. to Reopen, Doc. 48. On May 27th, 2021, the Debtor filed for
Chapter 13 bankruptcy. Vol. Pet., Doc. 1. The Debtor did not list the Movants as creditors in his
case nor were the Movants otherwise aware of the bankruptcy case.[1] *Id*. at Schedule E/F, pg. 28.
The Movants filed a personal injury action in the Superior Court of Cook County on August 25,
2022, in violation of the automatic stay. Mot. to Reopen, Doc. 48. The statute of limitations for
their personal injury claim expired on September 12, 2022. The Debtor's bankruptcy case was
dismissed on September 27, 2022. Hr'g Held, Doc. 53. In the personal injury case, the Debtor
answered the Movants' complaint on September 30, 2022, but did not disclose that the Debtor
was protected by the automatic stay when the Movants filed their complaint. Mot. to Reopen,
Doc. 48. On November 17, 2022, the Debtor moved to dismiss the personal injury case because
the Movants' claims were barred by the automatic stay. *Id*.

On May 9, 2023, the Movants filed a motion requesting that the Court reopen the
Debtor's bankruptcy case and annul the stay as to their Superior Court case so they can continue

---

[1] The Debtor is represented by his attorney in the personal injury lawsuit in this matter, not his bankruptcy
attorney. His bankruptcy attorney took no position on the matter, but did state that, had the Debtor
mentioned the claim, he would have ensured the Movants were scheduled and notified.

their litigation. Mot. to Reopen, Doc. 48. Because the statute of limitations has expired, the

Movants cannot dismiss and refile their case now that the Debtor's bankruptcy case has been

dismissed and the stay lifted. Hr'g Held, Doc. 53. The Debtor responded opposing the motion on

June 27, 2023. Resp. with Opp'n, Doc 52. The Court heard the parties' arguments on June 28,

2023 and, after both parties submitted supporting briefs, took the matter under advisement. Hr'g

Held, Doc. 53.

## II.    LEGAL ANALYSIS

The parties do not dispute that the Debtor was protected by the automatic stay at the time

the personal injury complaint was filed in Superior Court, nor do they dispute that, if the Court

chooses to annul the stay, the Court will reopen the Debtor's bankruptcy case to do so.

Therefore, the Court will focus its analysis on whether the stay should be annulled.

"Bankruptcy courts have the power to annul an automatic stay retroactively for cause

pursuant to 11 U.S.C. § 362(d)(1) in order to rehabilitate stay violations." *Bunch v. Hoffinger

Indus., Inc. (In re Hoffinger Indus., Inc.)*, 329 F.3d 948, 951–52 (8th Cir.2003). "The power to

annul the stay must, however, be exercised sparingly." *Williams v. United Inv. Corp. (In re

Williams)*, 124 B.R. 311, 316 (Bankr.C.D.Cal.1991). Courts tend to look at many factors as to

whether the automatic stay should be annulled. For example, in *In re Stancil*, the court lists six

relevant factors to consider before annulling the stay, but notes the factors that many courts focus

on are "(1) whether the creditor was aware of the bankruptcy petition; and (2) whether the debtor

engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor."

487 B.R. 331, 339 (Bankr. D.D.C. 2013) (quoting *Mut. Benefit Life Ins. Co. v. Pinetree, Ltd. (In

re Pinetree, Ltd.),* 876 F.2d 34, 37 (5th Cir.1989)).

In this case, neither the Debtor nor Movants allege that the Movants were aware of the bankruptcy petition, satisfying the first factor. The second factor encompasses two inquiries, whether the debtor engaged in unreasonable or inequitable conduct or that the creditors would suffer prejudice. As to the Debtor's conduct, the parties do not allege that the Debtor had intentionally, at the time of the bankruptcy filing, omitted the Movants in bad faith. As to the second part of the inquiry, however, the Court finds that prejudice would result to the Movants if the stay were not annulled. The Movants cannot refile now free from the automatic stay, so the Movants would be barred from any relief if the Court does not annul the stay. Thus, the second factor is also satisfied. Therefore, because the Movants were not aware of the bankruptcy case and would suffer prejudice were the stay not annulled, the Court finds cause to annul the stay as to the Movants' personal injury case.

The Debtor makes two arguments as to why the Court should not annul the stay. The Debtor argues that annulling the stay would put the Movants in a better position than similarly situated creditors and that the case should not be reopened because the Movants delayed seeking relief from the stay. The Court finds both arguments unpersuasive.

First, the Debtor argues that annulling the stay would put the Movants in a better position than similarly situated creditors. The Debtor relies on *In Matter of Allied Holdings, Inc.* to make this argument. 355 B.R. 372, 377 (Bankr. N.D. Ga. 2006). In *Allied Holdings*, the court denied a personal injury creditor's motion to annul the stay because other personal injury claimants in the case had filed proofs of claim, filed motions for relief from the stay, and continued their state court litigation against the debtor's insurance as necessary. *Id*. The personal injury creditor moving to annul the stay had a $1.5 million judgement that the satisfaction of which "would impair the [d]ebtors' ability to obtain the release of restricted cash for use in its business

operations and to fund its reorganization." *Id*. Therefore, the creditor requesting to annul the stay

in *Allied Holdings* would be "in a better position than other, similarly situated [c]reditors and [it]

would impact the [d]ebtors' ability to conduct their business and to effectuate their

reorganization." *Id*.

The court's reasoning in *Allied Holdings* does not apply to this case. The court's concerns

about the creditor's position after annulling the stay in *Allied Holdings* center around the debtors'

reorganization and the equality of distribution to similarly situated creditors. The bankruptcy

case in this matter has been dismissed. The dismissal of the bankruptcy case revests the assets

and liabilities of the estate back to their positions immediately before the bankruptcy was

commenced. 11 U.S.C. § 349. There are no similarly situated creditors for purposes of

distribution since there will be no distributions from the estate. Therefore, this argument fails.

The Debtor also argues that the Movants delayed in moving to annul the stay. The Debtor

argues that the Movants knew of the violation of the stay in November 2022 and did not move to

annul the stay until May 2023. Because the Movants were aware that they were in violation of

the stay and did not act immediately to annul the stay or dismiss the case, the Debtor argues that

the Movants' delay should be penalized. The Debtor cites *Allied Holdings* again as well as *In re*

*McFarland*, 2008 WL 4550378 (Bankr. M.D. Fla. Apr. 24, 2008). In both of those cases, the

Court finds that the party that violated the stay had the affirmative obligation to take action to

release the judgment against the debtor. These cases, however, were both decided before the

Supreme Court stated in *City of Chicago, Illinois v. Fulton*, 208 L. Ed. 2d 384 (Jan. 14, 2021)

that "merely retaining power" over a debtor's property is insufficient create a violation of the

automatic stay.  Because of the Supreme Court's ruling in *City of Chicago v. Fulton*, the Court

finds that, while the Movants could not continue their litigation, the Movants had no affirmative

obligation to dismiss the personal injury case. Therefore, the Court finds this argument unpersuasive. Furthermore, because the Debtor's bankruptcy case had already been dismissed before Movants knew the case had been filed, filing this motion preserved the Movants' personal injury case due to the expiration of the statute of limitations.

### III.    CONCLUSION

The Court finds cause to reopen the case under 11 U.S.C. § 350(b) and retroactively annul the stay as to the Movants' personal injury case against the Debtor. Accordingly, this Court will enter an order granting the Movants' motion to reopen and annul the stay.

END OF DOCUMENT